**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Argued September 12, 2005
Decided December 1, 2005

*Before*

Hon. RICHARD A. POSNER, Circuit Judge

Hon. ILANA DIAMOND ROVNER, Circuit Judge

Hon. ANN CLAIRE WILLIAMS, Circuit Judge

No. 04-4092

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Appeal from the United |
| *Plaintiff-Appellee,* | ) | States District Court for |
| | ) | the Northern District of |
| v. | ) | Illinois, Eastern Division. |
| | ) | |
| ISMAEL HERNANDEZ-HERNANDEZ, | ) | No. 04 CR 451 |
| *Defendant -Appellant.* | ) | |
| | ) | **Charles R. Norgle, Sr.**, *Judge.* |

## ORDER

Ismael Hernandez-Hernandez pled guilty to one count of illegal reentry of a previously deported alien in violation of 8 U.S.C. § § 1326(a) and (b)(2). As part of his plea agreement, Hernandez-Hernandez agreed to have his sentence determined using the Sentencing Guidelines as mandatory. The district court sentenced Hernandez-Hernandez to 57 months' imprisonment, the bottom of the mandatory Guidelines range. Hernandez-Hernandez appeals this sentence and we dismiss for lack of jurisdiction.

Hernandez-Hernandez, a citizen of Mexico, was deported from the United States in October 2000 after a Utah conviction for attempted sexual assault in the third degree. In November 2003, Hernandez-Hernandez reentered the United States without obtaining the necessary express consent of the U.S. Attorney

General for reapplication for admission. Hernandez-Hernandez remained in the United States and was apprehended by law enforcement officers on January 6, 2004 in Aurora, Illinois. On September 3, 2004, Hernandez-Hernandez pled guilty to one count of illegal reenty pursuant to a written plea agreement. In the plea agreement and at the change of plea hearing, Hernandez-Hernandez agreed to have his sentence determined under the Sentencing Guidelines "regardless of what occurs before the Supreme Court" concerning the constitutionality of those Guidelines. At the time Hernandez-Hernandez entered his plea, the Supreme Court had granted certiorari for review of this court's decision in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004). Hernandez-Hernandez's attorney explained the potential ramifications of *Blakely v. Washington*, 542 U.S. 296 (2004), to his client, and Hernandez-Hernandez agreed to accept the court's sentence using the Sentencing Guidelines as mandatory, so long as the court confined itself to facts admitted in the plea, an agreement to which the defendant concedes the court adhered.

"It is well established that a plea agreement is treated as a contract." *United States v. Berheide*, 421 F.3d 538, 542 (7th Cir. 2005). When a defendant and the government enter into a plea agreement in which the defendant agrees to be sentenced under the United States Sentencing Guidelines, and the court accepts that agreement, then the defendant "bargained for the right to be sentenced under the mandatory guideline regime" and has "waived his right to any possible sentencing benefit that *Booker* might have afforded him." Id. Moreover, when a defendant validly waives his right to the only relief requested on appeal, the waiver "deprives us of jurisdiction." *United States v. Barnes*, 83 F.3d 934 (7th Cir. 1996). In *Berheide*, we remanded for resentencing because the district court "selected a guidelines range by relying on a clearly erroneous factual finding" that affected the sentence imposed. *Berheide*, 421 F.3d at 542. However, since Berheide agreed in his plea agreement to be sentenced under the Sentencing Guidelines, we held that, on remand, the court must apply the Sentencing Guidelines "as mandatory." Id. As in *Berheide*, Hernandez-Hernandez entered into a plea agreement with the government in which he agreed "to have his sentence determined under the Sentencing Guidelines." R. 14 at 8. Likewise, Hernandez-Hernandez waived his right to "any possible sentencing benefit that *Booker* might have afforded him." *Berheide*, 421 F.3d at 542. Having waived his right to a non-mandatory application of the Sentencing Guidelines, we cannot grant the relief that Hernandez-Hernandez requests. Thus, we DISMISS the appeal for lack of jurisdiction.